## KENKEL v LOUIS HARRIS & SONS CO
## LOUIS HARRIS & SONS CO v KENKEL

Ohio Appeals, 1st Dist, Hamilton Co

Nos 4259 & 4290.  Decided March 6, 1933

Leo J. Brumleve, Cincinnati, and Leo Weinberger, Cincinnati, for appellant and plaintiff in error.

Gallagher & Dorr, Cincinnati, for appellee and defendant in error.

ROSS, J.

It is well settled law that false and fraudulent representations made to a party, up-

on which he relies, directly causing him to enter into a contract, which he would not have considered were it not for such false representations as to existing facts, is sufficient ground for a court of equity to order such contract avoided as to such injured party.

Such precedent wrong upon the party to the contract or his agent in inducing the creation of the contract applies as well to a clause such as is quoted as it does to any other otherwise binding clause in the contract. Courts have almost uniformly upon one basis or another avoided the implication of such catch-all phrases excusing the offending party from wrong committed by a party or his agent. It would seem that the sound basis for the avoidance of liability is that the **contract** having been induced by fraud and being therefore **ineffective** to bind the party aggrieved is also obviously ineffective to bind him upon any clause therein, which seeks to negative and avoid the precedent wrong, upon which the **whole** contract is predicated. The clause sought to be used to avoid the consequences of the fraud is as much **induced** thereby as any other part of the contract and is consequently as little binding upon the aggrieved party as any other therein.

However, where the contract includes therein a statement manifestly modifying the precedent untrue and inducing statements, the contracting parties acquiescing in the **entire** agreement cannot claim inducement in the face of such limitation which must be obvious to them before they sign.

In the instant case the representation of uniformity of rental of apartments was made. In the contract appears merely the statement that there are 12 apartments and 6 garages renting for $840.00 per month. This is certainly a statement directly applying to the rental of the property and a modified statement in relation to the precedent representation as to uniformity.

It would seem natural that any one to whom the characteristic of uniformity was so important, as is claimed, would have immediately required such provision to appear in the contract instead of the bare warranty that the total rent was $840.00 per month; and in the absence of an insistance upon such addition, it would also seem reasonable that either the uniformity feature did not have the weight now attached to it, or was not considered as an inducement at all. If such were not the case, its prseence in the contract would have been demanded.

The clause confining the parties to the warranties and representations contained in the contract is not in finely printed type, nor is it in any way obscure. It appears just above the signature of the plaintiff, and must have been read by him. There is nothing to indicate that he was not an adult person with normal faculties.

There is nothing in the evidence to indicate any advantage having been taken of him, and in spite of the evidence of litigation between the agent and his principal, in which each mutually charges fraud in the procuring of this contract, we are compelled to conclude that the plaintiff is bound by the plain and simple terms of a contract, which included a clause clearly modifying previous representations made to him and a further stipulation that the contract shall include the agreement of the parties.

A decree may be presented in the appeal case, dismissing the petition, and granting the prayer of the cross-petition.

In the error proceeding the petition in error is dismissed, the case having been heard upon appeal.

HAMILTON, PJ, and CUSHING, J, concur.